IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WHEELER ZAMICHIELI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, et al., )<br>)<br>Defendants. ) | Civil Action No. 14-cv-2868-GMS |

### MEMORANDUM

### I. INTRODUCTION

The plaintiff, Wheeler Zamichieli ("the plaintiff"), an inmate at the Federal Detention Center in Philadelphia, Pennsylvania, filed this lawsuit alleging violations of his civil rights pursuant to 42 U.S.C. § 1988 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971),[1] and he also refers to supplemental state claims.[2] (D.I. 5.) He appears *pro se* and was granted permission to proceed *in forma pauperis*. (D.I. 4.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

### II. BACKGROUND

The plaintiff alleges violations of the Fourth, Fifth, Six, and Fourteenth Amendments of the United States Constitution. Named as defendants are the United States ("United States"),

---

[1] A civil rights claim against a federal defendant is governed by *Bivens*. In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

[2] The complaint invokes 28 U.S.C. § 2367(a) but does not appear to set forth any State claims.

1

United States Attorney Zane David Memeger ("Memeger"), Assistant United States Attorney Virginia Paige Pratter ("Pratter"), Assistant United States Attorney Jennifer Chun Berry ("Berry"), and Alcohol, Tobacco and Firearms Agent Patrick Henning ("Henning") (collectively, "the defendants"). The individual defendants are sued in their individual and official capacities.

The court takes judicial notice that, following a lawful traffic stop, the plaintiff was arrested on February 20, 2011 by Philadelphia Police Department officers following their discovery of a weapon in the plaintiff's vehicle. (*See United States of America v. Zamichieli*, 11-cr-00393-BMS (E.D. Pa. 2011) at D.I. 30.) A preliminary hearing was held in State court, following which, the presiding judge found that the government met its burden of a prima facie case to hold the plaintiff for trial. (*See Zamichieli v. Andrews*, 12-cv-3200-GMS (E.D. Pa. 2012) at D.I. 56, ex.) The United States Attorney's Office adopted the case for federal prosecution and, on July 12, 2011, a criminal complaint was filed against the plaintiff. (*See* No. 11-cr-00393-BMS (E.D. Pa. 2011) at D.I. 1.) A United States Magistrate Judge issued a federal arrest warrant, and the plaintiff was arrested and detained. (*Id.* at D.I. 2, 3, 4.) On July 19, 2011, the plaintiff was indicted in criminal case No. 11-cr-00393-BMS for violating of 18 U.S.C. § 922(g)(1) as a result of the February 20, 2011 search and seizure and detained pending trial. (*Id.* at D.I. 6, 10.)

In the meantime, on July 13, 2011, Henning searched an area in Philadelphia, located and photographed the plaintiff's vehicle. The plaintiff alleges that Henning searched the vehicle without probable cause, discovered illegal firearms, and then concealed discovery of the firearms. On July 14, 2011, a time when the plaintiff was detained at FDC-Philadelphia on criminal case No. 11-cr-00393-BMS, he spoke to his fiancé from the case manager's office telephone. Unbeknownst to the plaintiff, the conversation was taped. He alleges this violated 18

2

U.S.C. § 2518, and that the evidence of the taped telephone call was withheld from him. The plaintiff's fiancé was questioned and confessed to Henning that a firearm was hidden in the light switch of the vehicle. Henning also questioned the plaintiff's father on July 14, 2011 about the firearm. The plaintiff alleges that his right to due process was violated because the defendants engaged in selective prosecution when they did not charge him on July 14, 2011 following the seizure of the firearm. While plaintiff awaited trial in criminal case No. 11-cr-00393-BMS, on December 9, 2011, the court granted his motion to suppress the firearm seized on February 10, 2011. On December 16, 2011, the United States filed a motion to dismiss the indictment, and the indictment was dismissed without prejudice on December 19, 2011. (*Id.* at D.I. 32, 33.)

On April 19, 2012, the plaintiff was indicted for violating 18 U.S.C. § 922(g)(1) from on or about July 13, 2011 through on or about August 16, 2011 in Philadelphia, Pennsylvania. (*See United States of America v. Zamichieli*, 12-cr-00182-LDD (E.D. Pa. 2012).) The plaintiff was tried and convicted by a jury on February 22, 2013. (*Id.* at D.I. 67, 68) Once indicted in No. 2-cr-00182-LDD, the plaintiff was arrested by Henning on a federal warrant on May 16, 2012. The complaint alleges that Henning used the plaintiff's keyless entry remote to give other police access to his vehicle in violation of the Fourth Amendment. The plaintiff alleges that Pratter withheld discovery of *Brady* materials (and was later admonished by the court) in violation of his right to due process. On January 22, 2013, a suppression hearing was held in criminal case No. 12-cr-00182-LDD. The plaintiff alleges that Henning's testimony provided a basis for selective prosecution given that other individuals were not charged and he was, in retaliation for his exoneration of the indictment in criminal case No.11-cr-00393-BMS. Following the hearing, the plaintiff's attorney moved to withdraw the motion to suppress and the motion was granted. (*See* No. 11-cr-00393-BMS, at D.I. 56.) The plaintiff alleges that his attorney and Pratter conspired

and/or made an agreement not to provide copies of discovery materials to plaintiff violating his right to due process and the attorney/client privilege. The plaintiff complained to the presiding judge that his attorney was ineffective and, another suppression hearing was held on January 31, 2013. (*See id.* D.I. 58.) The complaint alleges that when Henning testified at the second suppression hearing, he committed perjury and that the plaintiff's attorney failed to correct the fact testimony. It is further alleged that Henning suborned perjury when he prepped the plaintiff's fiancé prior to her testimony during the second suppression hearing and that the plaintiff was denied due process rights to impeach his fiancé. Finally, the plaintiff alleges that during the trial of criminal case No. 12-cr-00182-LDD, Henning, Pratter, and Barry deceived and misled the court and jury with an excerpted audio tape of the telephone conversation with his fiancé and they withheld evidence from the plaintiff. The plaintiff proceeds *pro se* in the criminal matter and was recently granted leave to file a motion for a new trial. (*Id.* at D.I. 214.)

The plaintiff alleges that: (1) Memeger, Pratter, Barry, and Henning deprived him of his liberty without procedural and substantive due process and that the foregoing defendants, as well as the United States, are liable for compensatory and punitive damages; (2) Henning conducted an illegal search on July 13, 2011 and concealed the discovery of the firearm, which led to the plaintiff's arrest on May 16, 2012 and the selective prosecution of the plaintiff, and further that Henning committed perjury; (3) Pratter conspired with Barry and Memeger to conceal the seizure of the firearm between July 13, 2011 through November 16, 2011, entrapped the plaintiff into a new arrest, selectively prosecuted the plaintiff, and suborned perjury of witnesses in order to gain a conviction; (4) Pratter and Henning conspired to violate 18 U.S.C. § 2518 when the plaintiff's telephone conversation was recorded at FDC-Philadelphia; (5) Pratter, Barry, and Henning conspired and deceived the court and/or jury when they identified the taped telephone

4

conversation as one from the inmate telephone system at FDC-Philadelphia and withheld evidence of the call; (6) Pratter conspired with the plaintiff's defense counsel to withhold *Brady* evidence and investigative reports, denied the plaintiff his right to call witnesses at a suppression hearing, and allowed Henning to falsely testify; (7) Pratter withheld evidence to impair the plaintiff's defenses during suppression and trial, and prejudiced the plaintiff when he was not timely tried pursuant to 18 U.S.C. § 3161(b); and (8) the United States violated his rights and is liable for the alleged violations of its employees. The plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and recovery of legal expenses in connection with his criminal and civil litigation.

### III. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because the plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed.

R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. *Heck v. Humphrey*

The complaint centers upon the plaintiff's arrest, indictment, and conviction on federal criminal charges in No. 12-cr-00182-LDD. "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). The rule announced in *Heck* applies equally to claims for declaratory relief if success on those claims would necessarily imply the invalidity of an intact conviction. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). *Heck* is applicable to both § 1983 actions and *Bivens* actions. *See Stephenson v. Reno*, 38 F.3d 26 (5th Cir. 1994); *Williams v. Hill*, 878 F. Supp. 269 (D.D.C. 1995) ("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a

7

§ 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be dismissed as frivolous under 28 U.S.C. § 1915(d)."), *aff'd*, 74 F.3d 1339 (D.C. Cir. 1996).).

The plaintiff raises numerous claims based on alleged constitutional deficiencies in his prosecution and conviction. He has not alleged that his conviction has been overturned, or that he has successfully challenged the validity of his confinement or duration. A publicly available docket confirms that the plaintiff's conviction has not been reversed or otherwise invalidated. Indeed, the docket indicates that he was convicted and recently was granted leave to file a motion for a new trial. Accordingly, the plaintiff's claims are barred by *Heck* because success on them would render the plaintiff's conviction invalid and/or imply the invalidity of his convictions.[3]

The plaintiff's selective prosecution and *Brady* claims fail because success on these claims would necessarily imply the invalidity of the plaintiff's conviction. Although a "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution," *see United States v. Armstrong*, 517 U.S. 456, 463 (1996), a defendant who successfully proves a selective criminal prosecution claim is "entitled to a proper remedy" such as reversal of a criminal conviction, *see United States v. Al Hedaithy*, 392 F.3d 580, 606 (3d Cir.

---

[3] It is readily apparent that the plaintiff's claims against Memeger, Pratter, and Berry arise out of the decision to prosecute him and fall under the umbrella of their prosecutorial functions. Memeger, Pratter, and Berry are absolutely immune from liability under *Bivens* based on acts taken by them "within the scope of [their] duties in initiating and pursuing a criminal prosecution." *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). *See also Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir. 1976) (In *Bivens*-type action, holding that a federal prosecutor is absolutely immune from suit where the allegations relate solely to his initiating and presenting a criminal case).

2004). Thus, the plaintiff's selective criminal prosecution claim is barred by *Heck* despite the fact that it does not go to the merits of his criminal conviction.

With regard to his *Brady* claims, a meritorious *Brady* claim, by definition, implies the invalidity of the attendant criminal conviction. *See Strickler v. Greene*, 527 U.S. 263, 281 (1999) ("[T]here is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict."). The *Brady* claims are, therefore, barred by *Heck*. *See, e.g., Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (holding that *Brady* claims implicate the validity of the resulting conviction and are thus barred by *Heck*).

Finally, the plaintiff contends that Henning violated his Fourth Amendment right to be free from unreasonable searches and seizures.[4] *Heck* "typically does not bar actions for Fourth Amendment violations." *Sanders v. Downs*, 420 F. App'x 175, 179 (3d Cir. 2011) (unpublished) (citing *Heck*, 512 U.S. at 487 n.7); *also Broadwater v. Fow*, 945 F. Supp. 2d 574, 583-84 (M.D. Pa. 2013) (holding same and allowing Fourth Amendment search and excessive force claims to proceed under *Heck* when judgment on those claims does not necessarily invalidate outstanding conviction).

Here, the plaintiff alleges in the complaint that the allegedly illegal searches and seizures resulted in his unlawful conviction. Accordingly, he cannot bring this claim unless and until he

---

[4] While not clear, it appears that many of the claims raised against Henning are time-barred. In applying the statute of limitations to a *Bivens*-type civil rights action, a federal court must employ the appropriate state statute of limitations which governs personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *see also Peguero v. Meyer*, 520 F. App'x 58 (3d Cir. 2013) (unpublished) (noting that the statute of limitations for a § 1983 action and a *Bivens* action are both governed by the state statute of limitations for personal injury claims). Pennsylvania's applicable personal injury statute of limitations is two years. *See* 42 Pa. C.S.A. § 5524(7); *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993).

successfully attacks his conviction. *See Keeling v. Attorney Gen.*, 575 F. App'x 16, 18 (3d Cir. 2014) (unpublished) Moreover, the allegations against Henning, the investigator in this case, in essence challenge the evidence used to secure his arrest and conviction and, in this regard, *Heck*, again, precludes such a challenge.

### B.     Sovereign Immunity

The *Bivens* claims are raised against the individual defendants in their individual and official capacities. An action against a federal official in his official capacity is in essence, an action against the United States. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). The Court therefore lacks subject matter jurisdiction over any such claim as there has been no waiver of sovereign immunity. *See F.D.I.C.v. Meyer*, 510 U.S. 471, 473 (1994) (*Bivens* only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies.) The *Bivens* claims against Memeger, Pratter, Berry, and Henning in their official capacities, as well as the United States, will be dismissed as they are immune from suit.

### C.     42 U.S.C. § 1988

Any claims raised under 42 U.S.C. § 1988 will be dismissed. Section 1988 does not create an independent cause of action for the violation of federal civil rights. *See Moor v. County of Alameda*, 411 U.S. 693, 702-03 (1973). Therefore, the court will dismiss the § 1988 claim.

### D.     Supplemental Jurisdiction

The court will dismiss the plaintiff's complaint. Therefore, the court will decline to exercise jurisdiction over any supplemental state law claims to the extent any are alleged. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## V. CONCLUSION

The complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A)(b). A district court should ordinarily provide a *pro se* plaintiff leave to file an amended complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). The court finds amendment futile.

An appropriate order will be entered.

March 15, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE